[601 NYS2d 311]

In the Matter of MICHAEL WAGNER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 9, 1993

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Westbury *(Chris G. McDonough* of counsel), for petitioner.

*Anthony M. Grandinetti,* Mineola, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with one allegation of professional misconduct, which was sustained by the Special Referee. The petitioner moves to confirm the report of the Special Referee. The respondent submits an affirmation in response to the petitioner's motion.

The charge alleged that on or about April 20, 1990, the respondent waived indictment and pleaded guilty to a one-count superseding information in the United States District Court for the Eastern District of New York. The information accused the respondent of violating 18 USC § 922 (a) (1) and § 924 (a) (1) (D). The information to which the respondent pleaded guilty charged that "In or about and between January 1985 and October 1987, within the Eastern District of New York [the respondent], not being a licensed importer, manufacturer or dealer of firearms, did knowingly and wilfully engage in the business of dealing in firearms". A violation of 18 USC § 922 (a) (1) is a Federal felony, as 18 USC § 924 (a) (1) (D) provides that "[W]hoever * * * willfully violates any other provision of this chapter * * * shall be fined not more than $5,000, imprisoned not more than five years, or both". 18 USC § 1 (1) declares that, "Any offense punishable by death or imprisonment for a term exceeding one year is a felony". There is no equivalent New York felony. On August 31, 1990, the respondent was sentenced to five years' probation and fined $10,000.

Upon a review of the evidence adduced and the respondent's admissions, we conclude that the charge was properly sustained. The petitioner's motion to confirm is therefore granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's arguments that his actions underlying his conviction did not involve the practice of law and that the respondent voluntarily ceased practicing law upon his arrest. Under the circumstances, the respondent is suspended from the practice of law for three years with leave to apply for reinstatement if his Federal term of probation is terminated prior to the conclusion of his three-year suspension.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Michael Wagner, is suspended from the practice of law for a period of three years, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement upon proof of termination of his Federal probation, should he be so advised, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael Wagner, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.